IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHILOE BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JACINDA LEWIS, and ) | Case No. 24-cv-2472-DWD |
| CHESTER MENTAL HEALTH CTR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is now before the Court for consideration of the Plaintiff Shiloe Beasley's Complaint, wherein he alleges that while detained at the Chester Mental Health Center (Chester) he has been prevented from access to the courts via denial of law library access. (Doc. 1). Plaintiff does not indicate if he is a pretrial detainee, or an individual who has already been convicted and sentenced. He brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Chester. (*Id.*).

The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## Complaint

Plaintiff alleges that he was transferred to Chester on or around August 20, 2024. He claims that while housed at Chester he has been denied law library access by Defendant Jacinda Lewis, the hospital administrator who has full control over the facility and the law library. (Doc. 1 at 9-11). He further explains that Chester uses a color "code" system to control access to amenities such as law library. All new arrivals at Chester are assigned red, but only yellow- and green-coded individuals are permitted to access the law library. He also complains that the law library is housed in the education building, which tends to be closed 5 to 6 days a week. As a result of the complete denial of law library access for the entirety of his stay at Chester, he claims he "lost" Case No. 24-1104, and missed the deadline to file an appeal in Case No. 24-1086. He seeks monetary compensation. (*Id.*). He submitted copies of forms wherein he attempted to exhaust his claim at Chester.

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** First Amendment denial of access to Courts claim against Defendant Jacinda Lewis[1] for preventing Plaintiff from accessing the law library, resulting in hinderances for two civil cases.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned

---

[1] Plaintiff also named Chester Mental Health Center, but as an entity of the state, Chester is not a person subject to suit under § 1983. *See, e.g., Thomas v. Illinois*, 697 F.3d 612, 613-614 (7th Cir. 2012) (noting that the state and state agencies are not suable "persons" within the meaning of § 1983).

2

in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Discussion

Prisoners have a fundamental right of meaningful access to the courts, and this right extends to pretrial detainees. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When analyzing claims for the denial of court access, the court uses a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

Here, Plaintiff alleges that he has been denied all access to the law library at Chester, which has resulted in his loss of one civil action, and his inability to file a timely appeal in the second civil action. The Court was able to locate both cases that Plaintiff referenced via a search of publicly available case records in the PACER case locator system. Plaintiff alleges that he "lost" *Beasley v. Stark*, Case No. 24-cv-1104 (C.D. Ill. 2024)

3

because he could not access the law library. A review of the docket sheet reveals that on June 21, 2024, defendants in that case filed a motion for summary judgment about Plaintiff's exhaustion of administrative remedies concerning § 1983 claims about his detention at a county jail. Plaintiff sought and was granted an extension to respond and was later granted a second extension in lieu of a stay that he had requested based on his transfer to Chester. Plaintiff filed a timely response to the motion for summary judgment. Ultimately, on October 8, 2024, the defendants' motion was granted, and the case was closed for failure to exhaust administrative remedies. Plaintiff moved for reconsideration of that ruling, and on November 14, 2024, his motion for reconsideration was denied. Based on the review of available information about Case No. 24-cv-1104, it is not apparent that Plaintiff's lack of law library access impacted his ability to pursue this case. Plaintiff sought and received multiple extensions of time to respond to the pending summary judgment motion, he filed a response, and the motion was ultimately granted after consideration of the merits of his response. Thus, Plaintiff cannot plausibly demonstrate for purposes of this new case that he experienced a detriment to his ability to pursue this case based on law library access.

The second case that Plaintiff identified is *Beasley v. Turner, et al.*, Case No. 24-cv-1086 (C.D. Ill. 2024). This was a § 1983 action against a single defendant pertaining to Plaintiff's access to religious materials and meals at the Peoria County Jail. On August 19, 2024, the defendant's motion for summary judgment on the issue of exhaustion of administrative remedies was granted, and the case was dismissed for non-exhaustion. On October 4, 2024, Plaintiff sought and received an extension of time to file a notice of

appeal by October 22, 2024. Ultimately, Plaintiff failed to file a timely notice of appeal. Plaintiff contends in the present case that he was prevented from filing any such appeal because he did not have law library access. Here, the Court is not persuaded by Plaintiff's line of reasoning because despite perhaps having limited access to the law library at Chester, it is clear from both civil cases that Plaintiff had ample ability to file things with the courts regardless of his ability to attend the law library. Notably, he sought and was granted multiple extensions of time throughout his time at Chester. He was also able to file the present action. These repeated filings belie the notion that his lack of law library access hindered his ability to file a meritorious claim or appeal.

What is more, Plaintiff does not explain how law library access was necessary for him to file a simple notice of appeal, indicating his desire to pursue an appeal. A notice of appeal is not a substantive pleading meant to contain legal or factual arguments. All that is required is a notice naming the party taking the appeal, indicating the judgment or order that is being appealed, and naming the court to which the appeal is taken. Fed. R. App. P. Rule 3(c). Furthermore, appeals are not to be dismissed "for informality of form or title of the notice of appeal." Fed. R. App. P. Rule 3(c)(7). Given the limited requirements to initiate an appeal, and Plaintiff's clear ability to communicate with the court presiding over Case No. 24-cv-1086, and this Court during the relevant timeframe, Plaintiff is unable to demonstrate that he was actually prevented from accessing the courts.

Based on the foregoing analysis, it does not appear that Plaintiff can file a plausible claim against Defendant Jacinda Lewis for denying him access to the courts. The Court

5

gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed.  *See e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile).  Here, Plaintiff has no apparent plausible legal basis to challenge his ability to access the courts.  Accordingly, the Court opts not to grant Plaintiff leave to amend here because the Court sees no set of circumstances under which an amendment would be able to cure the identified infirmities with this lawsuit.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also* *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.' ") (*quoting* *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED**.  The Court concludes that leave to amend would be futile because in the Court's review of the facts presented, there is simply no scenario in which Plaintiff can plead a legally meritorious claim. Accordingly, the dismissal is with prejudice and the Clerk of the Court is **DIRECTED to CLOSE** this case on the Court's docket.  This dismissal for failure to state a claim counts as one of Plaintiff's three allotted strikes under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED**.

**DATED: 12/20/2024**                                  *s/ David W. Dugan*
                                                                        **DAVID W. DUGAN**
                                                                        **United States District Judge**